IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAMED PHARMACEUTICALS CORP., | No. C 08-1279 SI |
| Claimant-Appellant, | **ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT** |
| v. | |
| ARRIVA PHARMACEUTICALS, INC., | |
| Debtor-Appellee. | |

On May 23, 2008, the Court heard argument on appellee's motion to dismiss this appeal as moot. After consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS the motion and DISMISSES the appeal.

**BACKGROUND**

AlphaMed appeals a final order of the United States Bankruptcy Court for the Northern District of California confirming Arriva's Fourth Amended Plan of Reorganization (the "Reorganization Plan" or "Plan").[1] On August 29, 2007, Arriva filed its Chapter 11 bankruptcy petition. In October 2007,

---

[1] This bankruptcy appeal is the latest in a number of lawsuits between Alphamed, Arriva, and individuals involved with both corporations; these lawsuits include (1) a 1999 case filed in Arizona state court by one of the founders of Arriva, Dr. Allan Wachter against AlphaMed's founder, John Lezdey, Lezdey's wife and sons, and others, regarding the ownership of a patent license; (2) a 1999 lawsuit filed by Arriva in this Court, which was stayed during the pendency of the Arizona litigation; (3) a 2003 lawsuit filed by AlphaMed in Florida district court, which resulted in a $78 million jury verdict in favor of AlphaMed; the court entered judgment as a matter of law in favor of Arriva, and the case is now on appeal in the Eleventh Circuit; and (4) a 2007 lawsuit filed by John Lezdey in Nevada state court, which was automatically stayed due to Arriva's bankruptcy case. In addition to the instant bankruptcy appeal, Alphamed has filed four other appeals of Arriva's bankruptcy proceedings; all five bankruptcy appeals are pending in this Court.

AlphaMed filed an adversary complaint in the Bankruptcy Court; that complaint sought a determination that a license to a patent was not the property of the estate. In an order dated January 11, 2008, the Bankruptcy Court dismissed AlphaMed's complaint with prejudice on the ground that AlphaMed lacked standing to seek declaratory relief. AlphaMed also filed a proof of claim in the amount of $78 million, which was the amount of the vacated Florida jury verdict referenced in footnote 1 *supra*. The Bankruptcy Court disallowed the claim based upon the Florida court's entry of judgment as a matter of law. AlphaMed has appealed both of these rulings to this Court; neither of those appeals is the instant appeal.

On December 12, 2007, Arriva filed its Reorganization Plan. On January 8, 2008, AlphaMed filed an objection to the confirmation of the Plan. On January 16 and 17, 2008, the Bankruptcy Court held a full trial on plan confirmation, during which attorneys for Arriva and AlphaMed examined two witnesses. Preston Decl. ¶ 5. Arriva's Plan received 100% approval from the voting creditors. *Id.* On January 30, 2008, the Bankruptcy Court entered the Order Confirming Debtor's Fourth Amended Chapter 11 Plan of Reorganization. *Id.* Ex. C. The Plan expressly addresses the possibility that the Eleventh Circuit will reverse the Florida district court's order granting judgment as a matter of law to Arriva. The Plan establishes a reserve for disputed claims, including AlphaMed's claim presently on appeal to the Eleventh Circuit. In confirming the Plan, the Bankruptcy Court found, "[s]uch a reserve will enable the Debtor to perform its duties under the Plan [as to division of funds for creditors] in the event of a successful appeal by AlphaMed in the Eleventh Circuit." Opposition, Ex. L. On February 7, 2008, AlphaMed appealed the Plan Confirmation Order; this is the appeal presently before the Court. AlphaMed did not seek a stay of the Plan Confirmation Order from any court.

On February 13, 2008, Arriva completed the steps necessary to become a newly reorganized company. Arriva took the following actions: (1) drew down on a $6 million line of credit provided by two lenders, Nordic and MPM; (2) paid to Nordic and MPM loan principal in the amount of $1.5 million, as well as over $40,000 in accrued loan interest; (3) filed new Articles of Incorporation with the California Secretary of State and adopted new bylaws; (4) created a new investor's rights agreement with an eye to making an initial public offering; (5) rescinded shares of old common and preferred stock, and issued new common and preferred stock to 5 entities; (6) secured a settlement with 12 companies

and individuals, who withdrew their claims (totaling more than $31.8 million) filed in Bankruptcy Court; (7) assumed a contract with QSV Biologics, binding Arriva and QSV to continue reciprocal performance of an existing contract, and paid a cure amount of $273,000 to QSV and other amounts for services rendered; (8) assumed 40 executory contracts Arriva had entered into prior to filing for bankruptcy; under those contracts, Arriva and the companies agreed to continue their reciprocal performance just as they had done before Arriva filed for bankruptcy; (9) paid for director's and officer's insurance; (10) funded a pot of $776,000 from which creditors will eventually recover their claims, and have paid out a small percentage to creditors; (11) received by assignment from Dr. Wachter his interest in the Arizona judgment (according to Arriva, this judgment was initially worth $17 million and but has now become an asset of Arriva); and (12) sent notice to more than 200 entities and individuals of Arriva's new status as a reorganized company. In addition, Nordic created a corporate entity in the Netherlands, named Arriva Pharmaceuticals, B.V., to support the funding of Arriva.

## DISCUSSION

Arriva moves to dismiss this appeal as both equitably and constitutionally moot. The arguments under both mootness doctrines are similar. Essentially, Arriva contends that because AlphaMed never sought a stay of the Bankruptcy Court's order confirming the Plan, the Plan has become effective, which has resulted in a comprehensive change of circumstances such that it would be inequitable for the Court to consider AlphaMed's appeal on the merits. Arriva also argues that as a result of the implementation of the Plan, the Court is "powerless to undo what has already been done," and there is no effective relief that the Court could provide.

Arriva relies primarily on *In re Roberts Farms, Inc*., 652 F.2d 793 (9th Cir. 1981). In that case, the Ninth Circuit affirmed a district court's dismissal of a bankruptcy appeal as moot. "Appellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court and have permitted such a comprehensive change of circumstances to occur as to render it inequitable for this court to consider the merits of the appeal." *Id*. at 798. The court noted that the appellant had provided no explanation for the failure to seek a stay, and that the Trustee had implemented the bankruptcy plan for many months, taking such steps as liquidating and

reorganizing the debtor corporation, and had engaged in a number of financial and property transactions. The court explained the rationale for the equitable mootness doctrine:

> Admittedly, the principle of dismissal of an appeal for lack of equity applied in this case places a heavy burden on aggrieved party-appellants in bankruptcy cases. It is justified to prevent frustration of orderly administration of estates under various provisions of the Bankruptcy Act. If an appellant fails to obtain a stay after exhausting all appropriate remedies, that may well be the end of his appeal.

*Id.*; *see also In re Focus Media*, 378 F.3d 916, 922-23 (9th Cir. 2004) (discussing equitable and constitutional mootness).

Arriva argues that there has been a "comprehensive change of circumstances" because Arriva has brought the Plan to "substantial consumption" as that term is defined in the Bankruptcy Code. The Bankruptcy Code defines substantial consummation as:

(A) a transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) an assumption by the debtor . . . under the plan of the business or management of all or substantially all of the property deal with by the plan; and

(C) commencement or distribution under the plan.

11 U.S.C. § 1101(2). Arriva has filed supporting declarations detailing all of the steps that the corporation has taken to implement the Plan. *See* Preston Decl.; Preston Reply Decl.

The Court finds that Arriva has demonstrated "substantial consummation," and that the appeal should be dismissed as moot. The Court finds it significant that AlphaMed does not provide any explanation for its failure to seek a stay, nor does AlphaMed dispute that the Plan has been implemented. Instead, AlphaMed devotes a significant portion of its brief to arguing the merits of its appeal. However, these arguments are misplaced as the Court must first address the threshold question of mootness. AlphaMed also asserts that although the Plan has been implemented, the Plan is a relatively simple one, and that the Court could fashion effective relief. However, AlphaMed does not explain *how* the Court could provide relief that would not disturb Arriva's reorganization and the numerous third parties who have been involved and affected by the Plan implementation. The Court also finds that any prejudice to AlphaMed as a result of this dismissal is minimal in light of the other four pending appeals that AlphaMed has filed arising out of the Arriva bankruptcy proceedings. Those appeals all involve the same central issue, namely the ownership of the patent license, and whether that

license should be considered part of Arriva's estate.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS appellant's motion to dismiss the appeal. (Docket No. 4).

**IT IS SO ORDERED.**

Dated: May 27, 2008

SUSAN ILLSTON
United States District Judge